## Case No. 16,230.
### UNITED STATES v. SCHOLFIELD.
[1 Cranch, C. C. 130.] [1]

Circuit Court, District of Columbia.   July Term, 1803.

#### CONTEMPT—ATTACHMENT OF WITNESS.

An attachment of contempt, for not attending as a witness, must not be served in the courthouse. If the witness arrives before service of the attachment, and makes a reasonable excuse, the court will countermand the attachment on payment of the costs of issuing it.

Three of the clerks in the public offices, being summoned as petit jurymen, were excused on that ground, on affidavit.

Attachment for not attending yesterday as a witness. He attended this day before the attachment was served. The deputy marshal (Pratt) had called the witness out of the room in which the court sat, into the corridor or vestibule adjoining, and which was the common entry into the court-room, and there served the attachment. Upon the witness being called upon to answer on oath to the attachment, and giving a reasonable excuse, he was discharged on payment of costs.

Afterwards, the same day, Mr. Woodward, for the witness, moved that he might be relieved from the payment of the marshal's costs of service of the attachment; and the above facts appearing on oath of the witness himself and admitted by the deputy marshal, THE COURT ordered the return of the attachment to be quashed, and the attachment to be entered countermanded, on payment of the cost of issuing the attachment.

MARSHALL, Circuit Judge, doubting whether the presence of the court was to be considered as extending beyond the room itself in which the court sits.

## Case No. 16,231.
### UNITED STATES v. SCHOLFIELD.
[1 Cranch, C. C. 255.] [1]

Circuit Court, District of Columbia.   Nov. Term, 1805.

#### APPRENTICE.

A master cannot bring his apprentice from Maryland and hold him in Alexandria.

Indictment [against Andrew Scholfield] for false imprisonment of James Carter, a mulatto boy.

Mr. Swann, for defendant, moved the court to instruct the jury, that the evidence does not support the indictment. The evidence was that the boy (who was a free mulatto) was bound to the defendant, in Maryland. The defendant brought him into Alexandria. By the law of Maryland the indenture was void if he carried him out of that state. The defendant having brought him to Alexandria, sold his time to Hodgkins.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT refused to give the instruction.

Mr. Swann then moved the court to instruct them that the indictment could not be supported without proof of a sale by defendant to Hodgkins, that being charged in the indictment.

Refused, the offence of false imprisonment being sufficiently charged, and the sale only matter of aggravation.

## Case No. 16,232.
### UNITED STATES v. SCHOYER.
[2 Blatchf. 59.] [1]

Circuit Court, S. D. New York.   Nov. 12, 1847.

#### OFFENSES UNDER REVENUE LAWS — FORGERY OF SUPERVISOR'S CERTIFICATE—INDICTMENT.

1. An indictment for forgery under section 19 of the act of March 3, 1825 (4 Stat. 120), in altering a certificate issued under section 41 of the act of March 2, 1799 (1 Stat. 659), alleging that the certificate was issued by the collector ex officio, is bad on demurrer.

2. By the act of 1799, the certificate was to be issued by the supervisor of the revenue, and the indictment ought to allege that the collector was designated by the president to fulfil the duties of supervisor, under the act of March 3, 1803 (2 Stat. 243), and that the certificate was granted by the collector in that capacity.

Indictment [against Raphael Schoyer] for forgery. The 41st section of the revenue act of March 2, 1799 (1 Stat. 659), provides that, in addition to a general certificate to be given to an importer of spirits, wines or teas, the surveyor or chief officer of inspection shall give to him a particular certificate, which shall accompany each cask, chest, &c., wherever the same may be sent within the limits of the United States, as evidence that the same was lawfully imported, and gives the form of such certificate. The 42d section of the same act (Id. 660) provides, that "the supervisors of the several districts shall provide blank certificates, under such checks and devices as shall be prescribed by the proper officers of the treasury, and shall number, sign and deliver the same to the officers who may perform the duties of inspectors of the revenue for the several ports in their respective districts; which blank certificates shall be filled up and countersigned by the inspectors of the revenue aforesaid, who shall be accountable therefor to the supervisors; and the said inspectors shall make regular and exact entries of all certificates which shall be granted as aforesaid, as particularly as therein described." The 44th section of the same act (Id. 660) provides, that every person who shall obliterate, counterfeit, alter or deface any of such certificates, shall, for each and every such offence, forfeit and pay one hundred dollars, with costs of suit. By the act of March 3, 1803 (2 Stat. 243), it is provided,

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]